IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT GOZNIKAR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No.    08 cv 00659 |
| POMP'S TIRE SERVICE, INC., a Wisconsin Corporation doing business in Illinois, | ) Judge Norgle ) ) Magistrate Judge Mason ) |
| Defendant. | ) **Jury Demanded** |

## FIRST AMENDED COMPLAINT

Plaintiff Robert Goznikar, plaintiff, by his attorneys Favaro & Gorman, Ltd., complains of defendant Pomp's Tires Service, Inc.

### Nature Of Action

1. Plaintiff Goznikar brings this action to recover unpaid overtime compensation pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("Minimum Wage Law").

### Jurisdiction And Venue

2. This Court has jurisdiction over this action pursuant to FLSA section 216(b), 29 U.S.C. § 216(b); federal question jurisdiction, 28 U.S.C. § 1331; and supplementary jurisdiction, 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (2) because Pomp's resides in this district by virtue of its multiple retail locations located

here, including Elgin, Elk Grove Village, McCook and Waukegan, Illinois, and because a substantial part of the events giving rise to the cause of action occurred in this district.

## Parties

4.  Goznikar is an individual residing in Mt. Prospect, Illinois and was employed by Pomp's from December, 1990, to January, 2008, most recently in its Elgin store.

5.  Pomp's is a Wisconsin corporation, qualified to do business and doing business in Illinois. Pomp's provides retail and commercial auto tire sales and service. Headquartered in Green Bay, Wisconsin, Pomp's has more than fifty locations in seven Midwestern states, and employs more than 1,000 workers.

## Goznikar's Job At Pomp's

6.  Goznikar has held different positions at Pomp's since he was hired at Pomp's Waukegan store in 1990. He spent several years at Pomp's in Elk Grove Village, and in October 2005 Goznikar transferred to the Elgin store, where he held the position of Commercial Sales Support.

7.  In his position of Commercial Sales Support, Goznikar's duties included: providing quotes on tires and services for commercial and non-commercial trucks; scheduling services for mechanics; answering phones; operating a cash register; vacuuming the carpet; purchasing tires; processing invoices for national accounts; reconciliation of cash sales; preparing bank deposits; checking for errors in data for computer entry; and sending invoices, checks and credit card receipts to company headquarters.

8. While at Elgin, Goznikar reported to the store manager, Terry Bennett, who at some time during Goznikar's tenure in Elgin began to refer to Goznikar as "Retail Manager," although Goznikar's duties did not change as a result.

9. Goznikar did not supervise any employees, did not enjoy the authority to set any policies for any function of the store, and was not asked for his opinion about how the operation should be run. Goznikar did not have decisionmaking authority with regard to matters of significance.

10. Pomp's paid Goznikar a salary based on a two-week pay period, calculated at $18.47 per hour for eighty hours, or $1,477.73 gross.

11. Goznikar often worked in excess of forty hours in a given workweek. His official schedule required him to open the store at 7:00 a.m. and work until 4:30 p.m., with a one hour lunch, and to work approximately every other Saturday from 7:30 a.m. until noon. However, he usually began work at 5:30 a.m. and worked until 4:30 p.m. during the week, and worked from 6:00 or 6:30 a.m. until noon every other Saturday.

### Count 1 -- Overtime Pay
### FLSA

12. Paragraphs 1 through 11 are incorporated by reference.

13. The FLSA requires employers of employees who are engaged in commerce or who are employed in an enterprise engaged in commerce to pay such employees one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek. 29 U.S.C. § 207(a).

14. Goznikar is engaged in commerce, Pomp's employed Goznikar, and Pomp's is an enterprise engaged in commerce, as those terms are defined by the FLSA. 29 U.S.C. § 203.

15. Pomp's failure to pay Goznikar one and one-half times his regular rate of pay for the hours he worked in excess of forty in a given workweek violated section 207(a) of the FLSA. 29 U.S.C. § 207(a).

16. FLSA section 216(b) provides a private cause of action for violations of FLSA section 207. 29 U.S.C. § 216(b).

17. As a direct result of Pomp's violation of the overtime pay provisions of the FLSA, Goznikar has suffered substantial lost compensation.

WHEREFORE, plaintiff Robert Goznikar seeks an order entering judgment in his favor against defendant Pomp's Tires Service, Inc., awarding him:

A. Unpaid overtime pay for the period beginning two years prior to the filing of this action;

B. Liquidated damages in an amount equal to his unpaid overtime;

C. Attorneys' fees; and

D. The costs of this action.

### Count 2 – Overtime Pay, Willfulness
### FLSA

18. Paragraphs 1 through 17 are incorporated by reference.

19. The amendments to the FLSA contained in the federal Portal-To-Portal Act, 29 U.S.C. §§ 251 *et seq.*, permit the assessment of unpaid overtime pay for a period beginning three years prior to the filing of an action if the violation of the FLSA is willful. 29 U.S.C. § 255(a).

20. Goznikar asked the vice president of Pomp's in charge of his region why he was not being paid overtime pay, and the vice-president advised Goznikar that he

4

could continue to accept his salary, or his hourly pay could be "knocked down, way down."

21. Pomp's management was aware that Pomp's failure to pay Goznikar overtime compensation violated the FLSA.

22. As a result of Pomp's willful violation of the FLSA, Goznikar has suffered substantial lost compensation.

WHEREFORE, plaintiff Robert Goznikar seeks an order entering judgment in his favor against defendant Pomp's Tires Service, Inc., awarding him:

A. Unpaid overtime pay for the period beginning three years prior to the filing of this action;

B. Liquidated damages in an amount equal to his unpaid overtime;

C. Attorneys' fees; and

D. The costs of this action.

### Count 3 – Overtime Pay
### Minimum Wage Law

23. Paragraphs 1 through 11 are incorporated by reference.

24. The Minimum Wage Law requires that employers pay employees one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek. 820 ILCS 105/4a.

25. Pomp's failure to pay overtime pay to Goznikar violated the Minimum Wage Law.

26. As a result of Pomp's violation of the Minimum Wage Law, Goznikar has suffered the substantial lost compensation.

WHEREFORE, plaintiff Robert Goznikar seeks an order entering judgment in his favor against defendant Pomp's Tires Service, Inc., awarding him:

A. Unpaid overtime pay for the period beginning three years prior to the filing of this action;

B. Statutory interest of two percent per month for each underpayment;

C. Attorneys' fees; and

D. The costs of this action.

### Jury Demand

Plaintiff Robert Goznikar demands a trial by jury.

s/ Andrew H. Haber
One of Plaintiff's Attorneys

Dennis R. Favaro
Andrew H. Haber
Patricia L. Jochum
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060