## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GOZNIKAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:  1:08-cv-00659 |
| v. | ) | Judge Norgle |
| | ) | Magistrate Judge Mason |
| POMP'S TIRE SERVICE, INC. | ) | |
| A Wisconsin Corporation doing business | ) | |
| in Illinois | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, POMP'S TIRE SERVICE INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant, POMP'S TIRE SERVICE, INC. (hereinafter referred to as "Defendant") by and through its attorneys Renée L. Koehler, Leslie J. Johnson, and Stephanie M. Dinkel of KOEHLER & PASSARELLI, LLC, and, as for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, denies each and every averment of said First Amended Complaint except as is hereinafter expressly admitted and/or qualified.

## NATURE OF ACTION

1.     Plaintiff Goznikar brings this action to recover unpaid overtime compensation pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"); and pursuant to the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq*., ("Minimum Wage Law").

**RESPONSE:**  Defendant admits that this action is brought pursuant to the listed statutes, but Defendant denies any violations of the statutes including but not limited to the FLSA and Minimum Wage Law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to FLSA section 216(b), 29 U.S.C. §216(b); federal question jurisdiction, 28 U.S.C. §1331; and supplementary jurisdiction, 28 U.S.C. §1367(a).

**RESPONSE:**  Defendant admits that this Court has jurisdiction, but Defendant denies any

violations of the Fair Labor Standards Act and/or any state laws.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (2) because Pomp's resides in this district by virtue of its multiple retail locations located here, including Elgin, Elk Grove Village, McCook and Waukegan, Illinois, and because a substantial part of the events giving rise to the case of action occurred in this district.

**RESPONSE:**  Defendant admits that venue is proper in the United States District Court for the

Northern District of Illinois, Eastern Division.

## PARTIES

4.      Goznikar is an individual residing in Mt. Prospect, Illinois and was employed by Pomp's from December, 1990, to January, 2008, most recently in its Elgin store.

**RESPONSE:**  Defendant is without sufficient knowledge or information to form a belief as to

the truth of the allegations regarding Goznikar's residence.  Defendant admits that Goznikar was

employed by Pomp's Tire Service, Inc. from December 1990, to January 16, 2008, most recently

in its Elgin store.

5.      Pomp's is a Wisconsin corporation, qualified to do business and doing business in Illinois.  Pomp's provides retail and commercial auto tire sales and service.  Headquartered in Green Bay, Wisconsin, Pomp's has more than fifty locations in seven Midwestern states, and employs more than 1,000 workers.

**RESPONSE:**  Defendant admits the allegations in Paragraph five of Plaintiff's First Amended

Complaint.

## Goznikar's Job At Pomp's

6.    Goznikar has held different positions at Pomp's since he was hired at Pomp's Waukegan store in 1990.  He spent several years at Pomp's in Elk Grove Village, and in October 2005 Goznikar transferred to the Elgin store, where he held the position of Commercial Sales Support.

**RESPONSE:**  Defendant denies that Goznikar held the position of "Commercial Sales Support" at the Elgin store.  Defendant admits the remaining allegations in Paragraph six of Plaintiff's First Amended Complaint.

7.    In his position of Commercial Sales Support, Goznikar's duties included: providing quotes on tires and service for commercial and non-commercial trucks; scheduling services for mechanics; answering phones; operating a cash register; vacuuming the carpet; purchasing tires; processing invoices for national accounts; reconciliation of cash sales; preparing bank deposits; checking for errors in data for computer entry; and sending invoices, checks and credit card receipts to company headquarters.

**RESPONSE:**  Defendant denies that Goznikar's position was "Commercial Sales Support" at the Elgin location.  Defendant admits that the duties listed in Paragraph seven of Plaintiff's First Amended Complaint are some of the many duties that Goznikar was responsible for while at the Elgin store.

8.    While at Elgin, Goznikar reported to the store manager, Terry Bennett, who at some time during Goznikar's tenure in Elgin began to refer to Goznikar as "Retail Manager," although Goznikar's duties did not change as a result.

**RESPONSE:**  Defendant admits that Goznikar reported to the store manager, Terry Bennett. Defendant denies the remaining allegations in Paragraph eight of Plaintiff's First Amended Complaint and affirmatively states that Plaintiff's job title was Retail Manager.

9.    Goznikar did not supervise any employees, did not enjoy the authority to set any policies for any function of the store, and was not asked for his opinion about how the operation should be run.  Goznikar did not have decisionmaking authority with regard to matters of significance.

**RESPONSE:**  Defendant denies the allegations contained in Paragraph nine of Plaintiff's First Amended Complaint.

10.    Pomp's paid Goznikar a salary based on a two-week pay period, calculated at $18.47 for eighty hours, or 1,477.73 gross.

**RESPONSE:**  Defendant denies the allegations contained in Paragraph ten of Plaintiff's First

Amended Complaint and affirmatively states that Plaintiff's last rate of pay was a guaranteed

salary of $1477.73 per pay period.

11.    Goznikar often worked in excess of forty hours in a given workweek.  His official schedule required him to open the store at 7:00 a.m. and work until 4:30 p.m., with a one hour lunch, and to work approximately every other Saturday from 7:30 a.m. until noon.  However, he usually began work at 5:30 a.m. and worked until 4:30 p.m. during the week, and worked from 6:00 or 6:30 a.m. until noon every other Saturday.

**RESPONSE:**  Defendant denies the allegations contained in Paragraph eleven of Plaintiff's First

Amended Complaint.

## **COUNT 1 – Overtime Pay**
## **FLSA**

12.    Paragraphs 1 through 11 are incorporated by reference.

**RESPONSE:**  Defendant restates and incorporates by reference its answers to Paragraphs one

through eleven of Plaintiffs' First Amended Complaint as its answer to Paragraph twelve of

Plaintiff's First Amended Complaint as though fully set forth herein.

13.    The FLSA requires employers of employees who are engaged in commerce or who are employed in an enterprise engaged in commerce to pay such employees one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek.  29 U.S.C. § 207(a).

**RESPONSE:**  Defendant admits to the allegations of Paragraph thirteen with the exception of

those employers qualifying for exemption.

14.    Goznikar is engaged in commerce, Pomp's employed Goznikar, and Pomp's is an enterprise engaged in commerce, as those terms are defined by the FLSA.  29 U.S.C. § 203.

**RESPONSE:**  Defendant admits the allegations contained in Paragraph fourteen of Plaintiff's

First Amended Complaint but denies any violations of state and/or federal wage laws.

15.     Pomp's failure to pay Goznikar one and one-half times his regular rate of pay for the hours he worked in excess of forty in a given workweek violated section 207(a) of the FLSA. 29 U.S.C. § 216(b).

**RESPONSE:** Defendant denies the allegations contained in Paragraph fifteen of Plaintiff's First

Amended Complaint.

16.     FLSA § 216(b) provides a private cause of action for violations of FLSA section 207.  29 U.S.C. § 216(b).

**RESPONSE:**  Defendant admits the allegations contained in Paragraph sixteen of Plaintiff's

First Amended Complaint but denies any violations of state and/or federal wage laws.

17.     As a direct result of Pomp's violation of the overtime pay provisions of the FLSA, Goznikar has suffered substantial lost compensation.

**RESPONSE:**  Defendant denies the allegations contained in Paragraph seventeen of Plaintiff's

First Amended Complaint.

<u>**COUNT 2 – Overtime Pay, Willfulness**</u>
<u>**FLSA**</u>

18.     Paragraphs 1 through 17 are incorporated by reference.

**RESPONSE:**  Defendant restates and incorporates by reference its answers to Paragraphs one

through seventeen of Plaintiffs' First Amended Complaint as its answer to Paragraph eighteen of

Plaintiff's First Amended Complaint as though fully set forth herein.

19.     The amendments to the FLSA contained in the federal Portal-to-Portal Act, 29 U.S.C. §§ 251 *et seq.*, permit the assessment of unpaid overtime pay for a period beginning three years prior to the filing of an action of the violation of the FLSA is willful.  29 U.S.C. § 255(a).

**RESPONSE:**  Defendant admits the allegations contained in Paragraph nineteen of Plaintiff's

First Amended Complaint but denies any violations of state and/or federal wage laws.

20.     Goznikar asked the vice president of Pomp's in charge of his region why he was not being paid overtime pay, and the vice-president advised Goznikar that he could continue to accept his salary, or his hourly pay could be "knocked down, way down."

**RESPONSE:** Defendant denies the allegations contained in Paragraph twenty of Plaintiff's First Amended Complaint.

21.     Pomp's management was aware that Pomp's failure to pay Goznikar overtime compensation violated the FLSA.

**RESPONSE:**  Defendant denies the allegations contained in Paragraph twenty-one of Plaintiff's First Amended Complaint.

22.     As a result of Pomp's willful violation of the FLSA, Goznikar has suffered substantial lost compensation.

**RESPONSE:**  Defendant denies the allegations contained in Paragraph twenty-two of Plaintiff's First Amended Complaint.

**COUNT 3 – Overtime Pay**
**Minimum Wage Law**

23.     Paragraphs 1-11 are incorporated by reference.

**RESPONSE:**  Defendant restates and incorporates by reference its answers to Paragraphs one through eleven of Plaintiffs' First Amended Complaint as its answer to Paragraph twenty-three of Plaintiff's First Amended Complaint as though fully set forth herein.

24.     The Minimum Wage Law requires that employers pay employees one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek.  820 ILCS 105/4a.

**RESPONSE:**   Defendant admits the allegations contained in Paragraph twenty-four of Plaintiff's First Amended Complaint except for exempt employees.   Defendant denies any violations of state and/or federal wage laws.

25.     Pomp's failure to pay overtime pay to Goznikar violated the Minimum Wage Law.

**RESPONSE:**  Defendant denies the allegations contained in Paragraph twenty-five of Plaintiff's First Amended Complaint.

26.     As a result of Pomp's violation of the Minimum Wage Law, Goznikar has suffered the substantial lost compensation.

**RESPONSE:**  Defendant denies the allegations contained in Paragraph twenty-six of Plaintiff's First Amended Complaint.

### DEFENANT'S AFFIRMATIVE DEFENSES

NOW COMES Defendant, POMP TIRE SERVICE'S, INC., and as for its Defenses to Plaintiff's First Amended Complaint, incorporates its answers to the foregoing allegations of said First Amended Complaint as if such answers were set forth in full herein, and asserts further:

**FIRST AFFIRMATIVE DEFENSE**:  As and for its First Affirmative Defense, Defendant asserts that the First Amended Complaint is barred in whole or in part because Plaintiff's salary, duties and responsibilities meet all requirements of exempt status pursuant to 29 U.S.C. §213(a)(i) and 29 C.F.R. Part 541, as a *bona fide* professional, executive, and/or administrative worker,  and §4a(2)(E) of the Illinois Minimum Wage Law.

**SECOND AFFIRMATIVE DEFENSE:**  As and for its Second Affirmative Defense, Defendant asserts that Plaintiff's First Amended Complaint is barred because it fails in whole or in part to state claims upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE:**  As and for its Third Affirmative Defense, Defendant asserts that, upon information and belief, Plaintiff has failed, in whole or in part, to mitigate his alleged damages.

**FOURTH AFFIRMATIVE DEFENSE:**  As and for its Fourth Affirmative Defense, Defendant asserts that it has at all times classified workers in good faith and with reasonable grounds for believing they were in compliance with federal and state wage laws.  Therefore,

pursuant to § 10 of the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. §259, Plaintiff is not entitled to recover any wages and/or damages.

**FIFTH AFFIRMATIVE DEFENSE:**   As and for its Fifth Affirmative Defense, Defendant asserts that it has at all times classified workers in good faith and with reasonable grounds for believing they were in compliance with federal and state wage laws.  Therefore, pursuant to § 11 of the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. §260, Plaintiff is not entitled to recover any liquidated damages, nor can Plaintiff establish "willfulness".

**SIXTH AFFIRMATIVE DEFENSE:**  As for its Sixth Affirmative Defense, Defendants assert that Plaintiff is not entitled to punitive damages under the Illinois Minimum Wage Law because he has failed to prove by a "preponderance of the evidence" that Defendant acted in "willful" violation or with "reckless disregard" toward the statute.

**SEVENTH AFFIRMATIVE DEFENSE**:  As and for its Seventh Affirmative Defense, Defendant asserts that, if the unlawful acts and/or omissions alleged in the First Amended Complaint were engaged in by Defendant, which it denies, Defendant did not do so willfully. Accordingly, pursuant to Section 6(a) of the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. §255(a), the First Amended Complaint is barred in part by that statute of limitations and the one applicable to Plaintiff's state law claims.

**EIGHTH AFFIRMATIVE DEFENSE:**  As and for its Eighth Affirmative Defense, Defendants assert that, if the unlawful acts and/or omissions alleged in the First Amended Complaint were engaged in by Defendants, which they deny, Plaintiff's claims are barred in part by the statute of limitations for the Fair Labor Standards Act and/or Illinois Minimum Wage Act.

**NINTH AFFIRMATIVE DEFENSE**:  As and for its Ninth Affirmative Defense, Defendants assert that some or all of Plaintiff's claims may be subject to the *de minimis* rule, 29 C.F.R. §785.47, because they involve insignificant amounts of purported overtime.

**TENTH AFFIRMATIVE DEFENSE**:  As and for its Tenth Affirmative Defense, the Defendant asserts that Plaintiff was paid for all amounts due for work performed.

Dated:  July 2, 2008

**POMP'S TIRE SERVICE, INC.**

By:    /s/ Renée L. Koehler
       One of Defendants' Attorneys

Renée L. Koehler
Leslie J. Johnson
Stephanie M. Dinkel
Koehler & Passarelli, LLC
900 S. Frontage, Suite 300
Woodridge, Illinois 60517
Telephone: (630) 505-9939
Facsimile: (630) 505-9969
Email: rkoehler@k-pllc.com
      ljohnson@k-pllc.com
      sdinkel@k-pllc.com

**ATTORNEYS FOR DEFENDANT
POMP'S TIRE SERVICE, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 2, 2008, she filed the foregoing **DEFENDANT, POMP'S TIRE SERVICE, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF user:

> Andrew H. Haber
> Dennis Ray Favaro
> Favaro & Gorman, Ltd.
> 835 North Sterling
> Suite 100
> Palatine, IL 60067

**POMP'S TIRE SERVICE, INC.**

By:  /s/ Renée L. Koehler
One of Defendants' Attorneys

Renée L. Koehler
Leslie J. Johnson
Stephanie M. Dinkel
Koehler & Passarelli, LLC
900 S. Frontage, Suite 300
Woodridge, Illinois 60517
Telephone: (630) 505-9939
Facsimile: (630) 505-9969
Email: rkoehler@k-pllc.com
        ljohnson@k-pllc.com
        sdinkel@k-pllc.com

**ATTORNEYS FOR DEFENDANT**
**POMP'S TIRE SERVICE, INC.**